IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL RAY EDWARDS,           )<br>                              )<br>   Petitioner,                )<br>                              )<br>   v.                         )<br>                              )<br>WARDEN RANDY GROUNDS,         )<br>                              )<br>   Respondent.                )<br>_____) | No. C 10-4164 LHK (PR)<br><br>ORDER VACATING<br>JUDGMENT; RE-OPENING<br>CASE; ORDER OF PARTIAL<br>DISMISSAL WITH LEAVE<br>TO AMEND; REQUIRING<br>AMENDMENT OR<br>NOTIFICATION |

On September 16, 2010, Petitioner, a state prisoner proceeding *pro se*, filed a writ of habeas corpus challenging a decision by the California Board of Parole Hearings ("Board") in finding him unsuitable for parole pursuant to 28 U.S.C. § 2254. On November 8, 2010, the Court dismissed this action for failure to timely file a completed application to proceed in forma pauperis or pay the filing fee. However, it appears that Petitioner did pay the $5.00 filing fee on September 28, 2010, but the payment was never properly docketed until after the instant case had already been dismissed. Accordingly, the Court *sua sponte* vacates the judgment, re-opens this action, and dismisses one claim with leave to amend.

**BACKGROUND**

According to the petition, Petitioner pleaded guilty to second degree murder, and was sentenced to fifteen years to life in state prison. Petitioner filed a state habeas petition in superior court, the court of appeal, and the state supreme court challenging the Board's 2008

decision denying him parole. Petitioner filed the instant petition thereafter.

## DISCUSSION

**A.    Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.    Petitioner's Claim**

As grounds for federal habeas relief Petitioner claims that: (1) his guilty plea agreement was breached; and (2) the Board's denial of parole violated his right to due process. Liberally construed, Petitioner's claim that his guilty plea agreement was breached requires a response.

The Court dismisses Claim 2 with leave to amend. Most of Petitioner's argument in Claim 2 appears to state that the denial of his parole was not based on "some evidence." However, the Supreme Court has recently made clear that a prisoner's federal due process claim regarding a denial of parole is limited to whether he received the minimum procedures necessary under the federal constitution. *Swarthout v. Cooke*, No. 10-333, 2011 WL 197627 (U.S. Jan. 24, 2011) (per curiam). Specifically, this Court's inquiry is limited to whether Petitioner was given an opportunity to be heard, and given a statement of reasons for the denial. *Id.* at *2, citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979). Thus, Claim 2 is dismissed with leave to amend if Petitioner can, in good faith, allege with factual support that he did not receive the minimum procedural protections mandated by the federal constitution.

## CONCLUSION

1.    The Clerk shall VACATE the judgment and RE-OPEN the case.

1       2.      Petitioner's Claim 2 is DISMISSED with leave to amend **within thirty (30) days**
2 from the date of this order if he can do so in good faith.  If Petitioner wishes to amend this claim,
3 he must file an entirely new petition, and he must include the caption and civil case number used
4 in this order, and the words AMENDED PETITION on the first page.  **The Amended Petition**
5 **will completely replace the previous petition.  Petitioner must include in it all the claims he**
6 **wishes to present.  He may not incorporate any other document by reference.**  If Petitioner
7 does not wish to amend Claim 2, he may file a notification informing this Court that he wishes
8 instead to proceed solely on Claim 1.  **Failure to amend in accordance with this order and**
9 **within the designated time will result in the Court proceeding solely on Claim 1.**
10       3.      It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the
11 Court and all parties informed of any change of address by filing a separate paper captioned
12 "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.
13 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
14 Federal Rule of Civil Procedure 41(b).
15       IT IS SO ORDERED.
16 DATED:   1/31/11
      LUCY H. KOH
17       United States District Judge

Order Vacating Judgment; Re-Opening Case; Order of Partial Dismissal with Leave to Amend; Requiring
Amendment or Notification
P:\PRO-SE\SJ.LHK\HC.10\Edwards164reo.wpd     3