IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DARRELL RAY EDWARDS, | ) | No. C 10-4164 LHK (PR) |
| Petitioner, | ) ) | ORDER DENYING MOTION FOR DEFAULT |
| v. | ) ) | |
| WARDEN RANDY GROUNDS, | ) ) | (Docket No. 16) |
| Respondent. | ) ) | |

    Petitioner, a state prisoner proceeding *pro se*, filed a federal petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion for default judgment. He argues that Respondent failed to file his answer as ordered by the Court in its March 29, 2011 order to show cause.

    However, Respondent did file an untimely motion for an extension of time to file his answer. Finding good cause, the Court excused Respondent's untimeliness, and granted his request for an extension of time. Thus, a default judgment is inappropriate.

    In addition, a petitioner is not entitled to a default judgment where a respondent fails to respond timely to a petition for writ of habeas corpus. Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas shall not extend to a prisoner unless he is in custody in violation of the Constitution, laws, or treaties of the United States. Section 2243 provides that the Court shall summarily hear and determine the facts and dispose of the matter as law and justice require. It is

1  established that it is Petitioner's burden to show that he is in custody in violation of the laws of
2  the United States. *Walker v. Johnston*, 312 U.S. 275, 286-87 (1941). A failure by state officials
3  to comply timely with the deadlines set by the Court does not relieve Petitioner of this burden of
4  proof, nor does it entitle him to entry of a default or a default judgment. *Gordon v. Duran*, 895
5  F.2d 610, 612 (9th Cir. 1990).
6      Petitioner's motion for a default judgment is DENIED.
7      IT IS SO ORDERED.
8  DATED:  9/19/11

LUCY H. KOH
United States District Judge