IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL RAY EDWARDS,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN RANDY GROUNDS,<br><br>    Respondent. | No. C 10-4164 LHK (PR)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |

Petitioner, a state prisoner proceeding *pro se*, sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2008 decision by the California Board of Parole Hearings ("Board") finding him unsuitable for parole. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed an answer, along with a supporting memorandum of points and authorities and exhibits, in which he requests that the Court either dismiss the petition as untimely, or, in the alternative, deny the petition on the merits. Petitioner has filed a traverse and supporting memorandum of points and authorities. Having considered the papers submitted, the Court DENIES the petition on the merits, and thus finds it unnecessary to rule on timeliness.

**BACKGROUND**

On April 12, 1991, Petitioner pleaded guilty to second degree murder, and was sentenced

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
G:\PRO-SE\SJ.LHK\HC.10\Edwards164hcden.wpd

to 15 years to life in state prison. Petitioner did not appeal. Petitioner then filed unsuccessful state habeas petitions challenging the Board's 2008 denial of parole in all three levels of state court. On September 1, 2010, Petitioner filed the instant petition.

## DISCUSSION

As grounds for relief, Petitioner claims that the Board's 2008 decision to deny him parole breached the terms of his 1991 plea agreement.

A.  Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at

409.

B.     Analysis

Petitioner states that because he pleaded guilty pursuant to a plea agreement, he is entitled to "lessor punishment agreed to as second degree murder." (Pet. at 6-A.) Petitioner further claims that he had an expectation that he would serve as much time as others who had committed similar offenses within the gravity and magnitude of his agreement. (*Id.*) Specifically, Petitioner expected a minimum term of 10 years, and a maximum of something less than first degree murder, or life in prison. (*Id.* at 7-A.)

The state courts did not explicitly address this claim. Where there is no reasoned decision and, as here, the state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal court conducts an "independent review" of the record. *See Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). An "independent review" of the record "is not *de novo* review of the constitutional issue, but rather, the only method by which [the federal court] can determine whether a silent state court decision is objectively unreasonable." *See id.* In conducting such a review, "a habeas court must determine what arguments or theories supported or, . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Richter*, 131 S.Ct. at 786. Where no reasoned decision is available, the habeas petitioner has the burden of "showing there was no reasonable basis for the state court to deny relief." *Id.* at 784.

"Plea agreements are contractual in nature and are measured by contract law standards." *Brown v. Poole*, 337 F.3d 1155, 1159 (9th Cir. 2003) (*quoting United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993)). It is clearly established federal law that the interpretation of state court plea agreements, and all contractual obligations resulting therefrom, are generally matters of state law. *See Buckley v. Terhune*, 441 F.3d 688, 694-695 (9th Cir. 2006). Under

California law, "[a] plea agreement violation claim depends upon the actual terms of the agreement, not the subjective understanding of the defendant . . . ." *In re Honesto*, 130 Cal. App. 4th 81, 92 (2005). Consequently, in order for the state court to determine whether the terms of a plea agreement have been violated, the terms of such agreement must be placed on the record. *Id.* (finding "no evidentiary basis" for petitioner's claim that plea agreement was violated by Board's denial of parole, where petitioner "did not submit a transcript or a declaration from the trial judge, his trial counsel or the prosecutor").

Although a criminal defendant has a due process right to enforce the terms of a plea agreement, *see Santobello v. New York*, 404 U.S. 257, 261-62 (1971), Petitioner has not provided any evidence that there was a term of the plea agreement that has been breached. The relevant portions of the plea colloquy reveal that Petitioner acknowledged that in exchange for his guilty plea, he would be sentenced to 15 years to life, and that even though the sentence includes the possibility of parole, "any parole will be up to the parole board and department of corrections." (Resp. Ex. 1 at 6-7.) The trial court continued, "[A] life sentence could mean that, a life sentence." (*Id.* at 7.) Petitioner acknowledged that he understood. (*Id.*)

Petitioner has provided no evidence that his plea bargain included a promise that he would be released on parole after he reached any specific number of years in custody. In fact, Petitioner concedes that the agreement did not specify a particular release date. (Pet. at 7-A.) In California, an indeterminate sentence is effectively a sentence for the maximum term unless the Board acts to fix a shorter term. *See In re Dannenberg*, 34 Cal. 4th 1061, 1097-98 (2005). The plea colloquy clearly reflects that Petitioner agreed to an indeterminate sentence of 15 years to life for a second degree murder conviction. (Resp. Ex. 1 at 6-7.) Thus, Petitioner's 15 years to life sentence has a life maximum, and his plea bargain subjected him to possible life imprisonment.

To the extent Petitioner argues that he received nothing in consideration for his guilty plea, the Court disagrees. Petitioner received a lesser sentence, in that a first degree murder conviction would have resulted in a life sentence with a minimum of 25 years instead of 15 years. First-degree murder is punishable by death, life without parole, or a term of twenty-five

1  years to life.  Cal. Penal Code § 190(a).  Consequently, if Petitioner had been convicted of first-
2  degree murder, he would not have been eligible for parole consideration in 1998, as Petitioner
3  was.
4        Accordingly, the state court's rejection of Petitioner's claim that his plea agreement was
5  breached was not contrary to, nor an unreasonable application of, clearly established Supreme
6  Court authority.

## CONCLUSION

8        The petition for a writ of habeas corpus is DENIED.
9        Petitioner has failed to make a substantial showing that his claims amounted to a denial
10 of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his
11 claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, no
12 certificate of appealability is warranted in this case.
13       The Clerk shall enter judgment and close the file.
14       IT IS SO ORDERED.
15 DATED: __11/28/12__

*[Signature: Lucy H. Koh]*
LUCY H. KOH
United States District Judge